UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAROLYN DYER,

    Plaintiff,

vs.                             CASE NO. _____

MOLINA HEALTHCARE OF FLORIDA, INC.,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, **CAROLYN DYER** (Plaintiff), by and through the undersigned counsel, and sues **MOLINA HEALTHCARE OF FLORIDA, INC.** (referred to as Defendant) under the Fair Labor Standards Act, and Florida statutory and common law, and alleges:

JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA").

2. Venue is proper in the United States District Court for the Northern

District of Florida pursuant to 28 U.S.C. §1391(b) as the Defendant transacts business in Leon County, Florida and because the Defendant contractually agreed with the State of Florida to provide to residents of the State of Florida who qualify for Medicaid. The Plaintiff worked for the Defendant and provided said services in Florida.

## PARTIES

3. Defendant, Molina Healthcare of Florida, Inc. is a Florida for-profit corporation doing business in Florida with its corporate headquarters located at 8300 N.W. 33rd Street, Suite 400, Doral, Florida 33122 and is registered to do business in Florida. Defendant, Molina Healthcare of Florida, Inc., operates office locations throughout Florida (including Pasco, Pinellas, Hillsborough, Polk and Dade Counties), and conducts business in Leon County, Florida by way of their contract with the State of Florida to Provide Medicaid services.

4. The Defendant operates in interstate commerce by, among other things, providing managed care services to Medicaid beneficiaries in multiple states across the country, including Florida.

5. The Defendant gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

6. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Plaintiff, CAROLYN DYER, is an adult resident of Escambia County, Florida and was employed by the Defendant as a "Case Manager" from approximately February 16, 2015 to January 1, 2017 and was employed by the Defendant in this district. Plaintiff is "employee" of Defendant within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

8. At all times relevant herein, Defendant operated a willful scheme to deprive their Case Managers, including Plaintiff of overtime compensation.

9. Defendant, Molina Healthcare of Florida, Inc., has contracted with the State of Florida, Agency for Health Care Administration, to provide managed care, including medical assistance and long term care, for eligible enrollees under the Medicaid program. Under the contract, this Defendant is required to provide to Medicaid enrollees case management and care coordination services including assisting enrollees in accessing medical, social and educational services.

10. Defendant constitute single or joint employer of the Plaintiff because the Defendant is responsible for, direct and control the day-to-day activities of the Plaintiff in the performance of her work as Case Manager.

11. Plaintiff was employed by the Defendant as Case Managers delivering and performing case management and care coordination services described herein. As Case Manager, Plaintiff primary job duty was non-exempt work including, among others, conducting assessments of enrollees eligible for care, developing care plans, assisting with referrals to providers, resolving complaints and other matters, and performing other related duties.

12. Plaintiff was paid a salary with no overtime pay and was classified as exempt from overtime pay under federal law. Only recently the Defendant initiated a program to pay Case Managers on an hourly basis and made them eligible for overtime pay.

13. Plaintiff was classified as exempt from overtime pay under federal law until sometime in 2016.

14. Defendants suffered and permitted Plaintiff to work more than forty (40) hours per week without overtime pay.

15. Defendant has been aware, or should have been aware, that Plaintiff performed non-exempt work that required payment of overtime compensation. Defendant also required Plaintiff to work long hours and on weekends, including overtime hours, to complete all of her job responsibilities and meet Defendants productivity standards.

16. The Plaintiff supervisors knew that Plaintiff was working overtime hours at all times because they required Plaintiff to work overtime hours and/or were present during those hours.

17. Although the Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff until sometime in 2016 when the policy changed to allow for the payment of overtime.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

18. Plaintiffs re-allege and incorporate the above paragraphs as if fully set forth herein.

19. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

20. Defendant suffered and permitted Plaintiff to work more than forty (40) hours per week during weeks within the statutory period without paying overtime compensation.

21. Defendants actions, policies, and practices described above violate the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff the required overtime pay.

22. As the direct and proximate result of Defendant unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

23. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

24. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard, of the fact that its compensation practices were in violation of these laws.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

F. Plaintiff demands a trial by jury.

### COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA

25. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-four (24) above as if fully set forth herein.

26. The Defendant hired Plaintiff on or about February 16, 2015.

27. During her time as an employee of the Defendant, the Plaintiff worked as and performed the essential duties required of her, including, but not limited to, providing case management services to Medicaid

  Eligible enrollee including conducting assessments for care, developing care plans, assisting with referrals to providers, resolving complaints and other matters, and performing other related duties.

28. On average, the Plaintiff worked over sixty (60) hours a week for the Defendant.

29. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

30. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

31. As such, the Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times the regular hourly rate for each hour worked in excess of forty (40) in a work-week.

32. The Defendant employed Plaintiff in excess of forty (40) hours in at least one work week without paying her at a rate of one and one half (1 ½) times the regular rate of pay for all hours worked in excess of

forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

33. As a consequence of the Defendant violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times the regular rate of pay for all hours worked in excess of forty (40) hours for each week employed by the Defendant and for which they were not paid one and one half times (1 ½) the regular rate.

34. Defendant knew and was aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

35. Defendant failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

36. The Defendant knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

37. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

38. Because of Defendant actions, the Plaintiff had to retain counsel, and is entitled to recover attorneys' fees and costs connected with this suit.

39. As a result of the unlawful acts of the Defendant, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

   A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiffs;

   B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

   C. Award Plaintiff an equal amount in liquidated damages;

   D. Award Plaintiff reasonable attorney's fees and costs of suit; and

   E. Grant such other and further relief as this Court deems equitable and just.

   F. Plaintiff demands a trial by jury.

   **PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this \_\_\_\_ of April, 2018.

                                Respectfully submitted,

                                /s/ Jeremiah J. Talbott
                                JEREMIAH J. TALBOTT, ESQ.
                                FL Bar No. 015484
                                TRAVIS P. LAMPERT, ESQ.
                                FL Bar No. 0099843
                                Law Office of Jeremiah J. Talbott, P.A.
                                900 E. Moreno Street
                                Pensacola, Fla. 32503
                                (850) 437-9600 / (850) 437-0906 (fax)
                                jjtalbott@talbottlawfirm.com
                                civilfilings@talbottlawfirm.com
                                *Attorneys for Plaintiff*