UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CAROLYN DYER,

           Plaintiff,

v.

MOLINA HEALTHCARE OF FLORIDA, INC.,

           Defendant.

Civil Action No. 4:18-CV-00194-MW-CAS

**ANSWER AND SEPARATE DEFENSES TO
PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT**

Defendant Molina Healthcare of Florida, Inc. (hereinafter "Defendant"), by and through its attorneys, Greenberg Traurig, LLP, states in Answer to Plaintiff's Complaint (the "Complaint"):

**AS TO JURISDICTION AND VENUE**

1. Respecting the allegations contained in paragraph 1, Defendant admits that plaintiff purports to bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq., but denies there exists any basis in law or fact for plaintiff's claims. Defendant further avers that the allegations contained in paragraph 1 call for a legal conclusion and, therefore, no response is required.

2. The allegations contained in paragraph 2 call for a legal conclusion and, therefore, no response is required.

**AS TO THE PARTIES**

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4 to the extent they allege that Defendant operates in interstate commerce.

5. Defendant admits the allegations contained in paragraph 5.

6. The allegations contained in paragraph 6 call for a legal conclusion and, therefore, no response is required.

7. Respecting the allegations contained in the first sentence of paragraph 7, Defendant admits that plaintiff is a former employee of Defendant. The allegations contained in the second sentence of paragraph 7 call for a legal conclusion and, therefore, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 respecting plaintiff's residence and, therefore, the allegations are denied.

## AS TO THE FACTUAL ALLEGATIONS

8. Defendant denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 call for a legal conclusion and, therefore, no response is required.

10. The allegations contained in paragraph 10 call for a legal conclusion and, therefore, no response is required. To the extent a response is required, the allegations contained in paragraph 10 are denied.

11. Respecting the allegations contained in paragraph 11, Defendant admits that it previously employed plaintiff as a Case Manager. Defendant denies the remaining allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

**AS TO COUNT I - FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA**

18. Defendant repeats and realleges its responses to paragraphs 1 through 17 as if fully set forth at length herein.

19. The allegations contained in paragraph 19 call for a legal conclusion and, therefore, no response is required.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

**AS TO THE PRAYER FOR RELIEF**

Defendant admits that plaintiff purports to seek damages and other legal relief as set forth in the un-numbered Wherefore Clause, including sub-parts "A" through "F", but denies there exists any basis in law or fact for plaintiff's claims.  Defendant further expressly denies having engaged in any unlawful conduct.

**AS TO COUNT II - FAILURE TO PAY OVERTIME UNDER THE FLSA**

25. Defendant repeats and realleges its responses to paragraphs 1 through 24 as if fully set forth at length herein.

26. Defendant admits the allegations contained in paragraph 26.

27. Except to admit that Defendant previously employed plaintiff, Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 call for a legal conclusion and, therefore, no response is required.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

## AS TO THE PRAYER FOR RELIEF

Defendant admits that plaintiff purports to seek damages and other legal relief as set forth in the un-numbered Wherefore Clause, including sub-parts "A" through "F", but denies there exists any basis in law or fact for plaintiff's claims. Defendant further expressly denies having engaged in any unlawful conduct.

**WHEREFORE**, Defendant Molina Healthcare of Florida, Inc., requests judgment in its favor dismissing the Complaint against it in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has waived any claim she may have, which is denied, to seek relief against Defendant.

### THIRD SEPARATE DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

### FOURTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### FIFTH SEPARATE DEFENSE

Recovery on the Complaint is barred because plaintiff is not entitled to overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and its corresponding regulations.

### SIXTH SEPARATE DEFENSE

Plaintiff is not entitled to some or all of the relief sought in the Complaint because Defendant's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference to plaintiff's legal rights.

### SEVENTH SEPARATE DEFENSE

Defendant has made payment to plaintiff of all sums which may have been due under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and its corresponding regulations.

**EIGHTH SEPARATE DEFENSE**

Some or all of plaintiff's claims, if any (which is denied), may be subject to the *de minimis* rule, codified at 29 C.F.R. §785.47, because they involved insignificant amounts of overtime.

**NINTH SEPARATE DEFENSE**

Plaintiff is barred from relief due to her failure to mitigate damages.

**TENTH SEPARATE DEFENSE**

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted

**ELEVENTH SEPARATE DEFENSE**

Plaintiff, may not recover liquidated damages, prejudgment interest and post-judgment interest because such relief would amount to a "double recovery."

**TWELFTH SEPARATE DEFENSE**

The damages claimed by plaintiff are barred because they are speculative and remote.

**THIRTEENTH SEPARATE DEFENSE**

Plaintiff has received payment in full for any wages due and owing.

**FOURTEENTH SEPARATE DEFENSE**

With respect to some or all claims brought or allegedly brought by plaintiff, Defendant affirmatively pleads that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and its corresponding regulations, and/or other applicable law, were not willful, but occurred in good faith and were based upon reasonable factors.

**WHEREFORE**, Defendant Molina Healthcare of Florida, Inc., requests judgment in its favor dismissing the Complaint against it in its entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: May 8, 2018

By: */s/Robert H. Bernstein*
Robert H. Bernstein
**GREENBERG TRAURIG, LLP**
500 Campus Drive
Florham Park, New Jersey 07932-0677
Telephone: (973) 360 7900
Facsimile: (973) 301 8410
Email: bernsteinrob@gtlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANT'S ANSWER AND SEPARATE DEFENSES** with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to all attorneys of record.

Dated:  May 8, 2018                                          By: */s/Robert H. Bernstein*
                                                                                Robert H. Bernstein

NJ 230851689v1